# IN THE COURT OF APPEALS OF IOWA

No. 13-1101
Filed November 26, 2014

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**DANIEL HOPKINS SLADE,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Johnson County, Deborah Farmer Minot, District Associate Judge.

Defendant appeals his conviction, following a bench trial, for boating while intoxicated. **AFFIRMED.**

Grant G. Gangestad of Gourley, Rehkemper & Lindholm, P.L.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, Alexandra Link, Assistant Attorney General, Janet Lyness, County Attorney, and Jude Pannell, Assistant County Attorney, for appellee.

Considered by Mullins, P.J., McDonald, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MAHAN, S.J.**

Defendant appeals his conviction, following a bench trial, for boating while intoxicated. He did not preserve error on his claim the imposition of civil penalties at the time of his initial appearance violated his right to due process under the United States and Iowa Constitutions. Also, he has not shown he received ineffective assistance due to counsel's failure to raise at the suppression hearing the issue of whether the stop of his vehicle was proper. We affirm defendant's conviction for operating a motorboat while intoxicated.

## I. Background Facts & Proceedings.

On June 3, 2012, at about 6:20 p.m., two water patrol officers employed by the Iowa Department of Natural Resources observed a pontoon leaving an area known as "Party Cove," in the Coralville Reservoir. The officers believed the number of people on the boat may have been over the capacity for the vessel. They decided to stop the boat to do a capacity check. As the officers approached the boat, they observed the capacity number printed on the back of the boat was fourteen. After the boat was stopped, they counted sixteen people on the boat. The officers also determined the pontoon did not carry sufficient lifejackets for that number of people.

The operator of the boat was Daniel Slade. As the officers interacted with him, they determined he appeared to be intoxicated. He had bloodshot eyes and slow movements. The officers took him in their boat to shore, where they were met by Deputy Sheriff Matthew Hendricks. Deputy Hendricks observed Slade had a very heavy odor of ingested alcohol; had bloodshot, watery eyes; and had

a white film on the corner of his mouth, which he stated was a sign of high intoxication. Slade refused to participate in field sobriety tests or a preliminary breath test. After being read the implied consent advisory, Slade refused a breath test. He was charged with operating a motorboat while intoxicated, in violation of Iowa Code section 462A.14 (2011).

Slade's initial appearance in court was June 4, 2012. At that time, a peace officer presented the court with a document titled, "BWI Refusal to Submit to Chemical Test Civil Penalty Request."[1] The document stated there was reasonable grounds to believe Slade operated a motorboat in violation of section 462A.14, the conditions existed for chemical testing pursuant to section 462A.14A, and Slade refused to submit to chemical testing. Under the authority of section 462A.14B, the court prohibited Slade from operating a motorboat or sailboat for one year and ordered him to pay a mandatory civil penalty of $500.

Slade filed a motion to dismiss the criminal charge on the grounds of double jeopardy, claiming he had already been punished for the offense because the court had prohibited him from operating a boat for one year and ordered him to pay a fine of $500. He also filed a motion to suppress, claiming he had not been offered a breath test within two hours after he was arrested. A hearing on both motions was held on January 11, 2013. The court denied the motion to dismiss, finding the imposition of civil sanctions was not a punishment for purposes of double jeopardy analysis. The court also denied the motion to suppress based on a finding Slade had been offered a breath test within two hours of the time he had been arrested.

---

[1] BWI stands for Boating While Intoxicated.

Slade waived his right to a jury trial. The case was tried to the court based on the minutes of evidence and the evidence presented at the hearing on Slade's pretrial motions. The court found Slade guilty of operating a motorboat while intoxicated. He was sentenced to 365 days in jail, with all but seven days suspended, and placed on probation for a period of one year. Slade now appeals his conviction.

## II. Due Process Claim.

Slade claims the imposition of penalties at the time of his initial appearance on June 4, 2012, violated his right to due process under the United States and Iowa Constitutions. He asserts he should have been given notice and the opportunity to be heard before the penalties were imposed. In his appellate brief, Slade acknowledges this issue was not raised before the district court and was not ruled upon by the court. "The rule of error preservation applies with equal strength to constitutional issues." *State v. Biddle*, 652 N.W.2d 191, 203 (Iowa 2002). When a party has failed to preserve error on an issue by alerting the district court to its contentions, error has not been preserved, and we will not consider the issue on appeal. *See State v. Kinkead*, 570 N.W.2d 97, 102 (Iowa 1997).

## III. Ineffective Assistance.

Slade contends he received ineffective assistance because at the suppression hearing his defense counsel failed to raise the issue of whether the officers had properly stopped his boat. He asserts that if the issue had been raised the court would have granted his motion to suppress on the ground that

the officers did not have reasonable suspicion to justify stopping the boat. Slade claims the officers did not know until after they stopped the boat that there were too many people on the boat. He claims the officers were not aware of a boating violation at any time prior to the stop.

We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, a defendant must show (1) the attorney failed to perform an essential duty and (2) prejudice resulted to the extent it denied the defendant a fair trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). A defendant has the burden to show by a preponderance of the evidence counsel was ineffective. *See State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992).

An exception to the warrant requirement found in the Fourth Amendment "allows an officer to stop an individual or vehicle for investigatory purposes based on a reasonable suspicion that a criminal act has occurred or is occurring." *State v. Kreps*, 650 N.W.2d 636, 641 (Iowa 2002). The purpose of this investigatory stop is to permit the officer to confirm or dispel suspicions of criminal activity. *Id.* "[A]n investigatory stop of a vehicle is constitutionally permissible only if the officer who has made the stop has specific and articulable cause to reasonably believe criminal activity is afoot." *Id.* "When a peace officer observes a traffic offense, however minor, the officer has probable cause to stop the driver of the vehicle." *State v. Harrison*, 846 N.W.2d 362, 365 (Iowa 2014). "A traffic violation therefore also establishes a reasonable suspicion." *Id.*

In this case, Officer Travis Graves testified he observed the boat had a large number of people on it and it appeared to be over capacity. He asserted it was necessary to stop the boat to count the number of people to determine whether it was over the capacity for the boat, stating:

> We—We made the decision to stop the boat because they appeared to be over capacity. I mean, when there's 16 people on the pontoon, you can't count every one of them so we got closer and signaled for them to stop. When we were pulling alongside of them, that's where we can see the number on the side of the boat, and we did a headcount quickly.

The other officer, Jacob Dever, stated it appeared there were a large number of occupants on the boat and they decided to stop the boat to do a capacity check. He stated that before they stopped the boat they did not know if the boat was over capacity but "[t]hat's what we were checking for."

Section 462A.24 provides, "No person owning or operating a vessel shall permit said vessel to be occupied by more passengers and crew than the registration capacity permits." The violation of this provision is a simple misdemeanor. *See* Iowa Code § 462A.13. The officers had specific and articulable cause to reasonably believe there was a violation of the provision prohibiting the operation of a boat over its capacity. The officers, therefore, could properly conduct an investigatory stop of the boat to permit them to confirm or dispel their suspicions of criminal activity. *See Kreps*, 650 N.W.2d at 641. We conclude the stop of the boat came within an exception to the warrant requirement in the Fourth Amendment.

We determine that if defense counsel had raised the issue of whether officers properly stopped Slade's boat in the motion to suppress, the court would

have denied the motion. "We will not find counsel incompetent for failing to pursue a meritless issue." *State v. Brothern*, 832 N.W.2d 187, 192 (Iowa 2013). We conclude Slade has not shown he received ineffective assistance of counsel.

We affirm Slade's conviction for operating a motorboat while intoxicated.

**AFFIRMED.**