WATERMAN, Justice.
Are police officers permitted to stop a motorist because his license plate frame covers up the county name? Two district court judges in this case issued conflicting rulings on that question, although both denied defendant’s motion to suppress evidence of the crack cocaine found in his possession after the traffic stop at issue. Police officers gave two reasons for stopping defendant’s Jeep — their belief his license plate was in violation of Iowa Code section 321.37(8) (2009) and their suspicion he was drug dealing based on an informant’s tip and his evasive behavior. Defendant was charged with possession with intent to deliver crack cocaine, a drug tax stamp violation, and driving under suspension, but not for a license plate violation.
A district court judge, who presided at the suppression hearing, initially ruled the license plate frame gave no reason to stop defendant because the large plate numbers and letters were visible, but upheld the traffic stop based on a reasonable suspicion of drug dealing. A different judge who presided at trial upheld the stop based on the license plate violation alone and excluded evidence of the informant and suspicious behavior preceding the traffic stop. The jury found defendant guilty as charged. He appealed, and we transferred his appeal to the court of appeals, which held the traffic stop was lawful based on reasonable suspicion of drug dealing -without deciding the license plate issue. That court also affirmed the district court’s rejection of defendant’s claim the State breached a plea agreement. We granted defendant’s application for further review to decide whether a license plate violation justified this traffic stop.
For the reasons explained below, we hold a license plate frame that covers up the county name violates Iowa Code section 321.37(3) and provides a valid basis for a traffic stop. We decline to reach the issue of whether the traffic stop was otherwise lawful based on reasonable suspicion of drug dealing and, therefore, vacate the court of appeals decision on that issue. We affirm the court of appeals decision on the plea agreement issue and affirm the district court judgment and sentence.
I. Background Facts and Proceedings.
The evening of July 7, 2009, Davenport police officers Craig Burkle and Jason El-lerbach were on patrol in an unmarked Crown Victoria when they received a phone call from a confidential informant. The informant gave the officers an address and told them they would find “a black male ... slinging dope” in a red Jeép Cherokee with Iowa license plate No. 994 RDB. The officers drove to the address, found the Jeep parked there unoccupied, and waited nearby for the driver to return. *364 A few minutes later, a black male got into the Jeep and drove away. The officers followed the Jeep for approximately five blocks, until the driver pulled over to the side of the road. The officers drove past without seeing the driver get out of his vehicle. The officers believed the driver had pulled over to avoid their tail and to “prevent[ ] himself from making any traffic violation mistakes” that would allow them to “initiate a traffic stop.” The officers circled the block. When they returned to where the driver had stopped, the Jeep was gone.
Minutes later, the officers located the Jeep a few blocks away. The officers followed the driver back to the address given by the informant, where he parked. The officers believed the driver “possibly was doing drops, dropping off narcotics to other residences.” Shortly thereafter, the driver left again in the Jeep. The officers followed for three miles and then initiated a traffic stop because the Jeep’s license plate frame covered up the county name on the license plate, which the officers believed violated Iowa Code section 321.37(3). During the stop, the officers identified the driver as Craig Harrison and placed him in the back of their vehicle. They soon discovered he possessed eighteen prepackaged crack cocaine rocks.
On August 11, the State charged Harrison with (1) possession with intent to deliver a schedule II controlled substance, in violation of Iowa Code sections 124.206(2)(d), 124.401(l)(c )(3), and 703.1; (2) failure to affix a drug tax stamp, in violation of Iowa Code sections 453B.l(3)(d), 453B.3, 453B.7(4), 453B.12, and 703.1; and (3) driving while suspended, in violation of Iowa Code sections 321.210A and 321.218. He was not charged with a license plate violation under Iowa Code section 321.37(3). On January 6, 2010, Harrison submitted a guilty plea pursuant to a plea agreement with the State. The State later withdrew from the plea agreement after Harrison’s criminal record was discovered to be more extensive than it had originally appeared. Harrison withdrew his guilty plea and proceeded to trial.
On June 7, Harrison filed a motion to suppress the evidence found during the traffic stop. A hearing on the motion was held June 9. Officer Ellerbach and Officer Burkle testified regarding the events leading up to the traffic stop. Officer Eller-bach acknowledged the county name on a license plate is unnecessary for law enforcement to conduct a license plate check.
On June 14, the district court issued its ruling on Harrison’s motion to suppress. The court first concluded Iowa Code section 321.37(3) “refers to the large letters and large numbers on the Iowa license plate, not the small letters at the bottom of the plate designating the county.” The court noted Harrison was not charged with a license plate violation. The court thus concluded “the alleged license plate violation” was “pretextual” and “an invalid ground for initiating the stop of the vehicle and search of Harrison.”[1] The district court ruled, however, the stop was justified by “sufficient objective facts to support an investigatory stop of the vehicle and driver for suspicion of possessing and selling illegal controlled substances.” The district court specifically noted “the tip from an informant, fully corroborated by the officers’ observation, ... the driver’s activity, and driver’s attempt to evade being fol *365 lowed.” The district court denied Harrison’s motion to suppress.
The jury trial began September 19, 2011. A different judge presided over the trial, and this judge disagreed with the prior ruling on the license plate issue. The trial judge gave this explanation for upholding the traffic stop based on the license plate violation:
[I] looked at this file and my concern is that the motion to suppress was granted on one ground, and the Court at that time found that the other ground was pretextual for the traffic stop. T disagree with that. The traffic stop was done by the policemen because they could not see the entire writing on the license plate, and I looked at the statute and I’m having trial this morning, so I would find that the traffic stop was a valid traffic stop because the section 321.166(2) requires a license plate to have a county designation on it. The other statute, 321.37, states that a registration plate or a license plate has to permit full view of all numerals and letters printed on the registration plate. So I believe it was a valid traffic stop, which means that the confidential informant does not have to be mentioned whatsoever.
The trial court thus excluded any mention of the confidential informant or Harrison’s behavior before the traffic stop. The jury ultimately found Harrison guilty on all counts.
Harrison appealed, and we transferred the case to the court of appeals. Harrison argued the district court erroneously denied his motion to suppress because neither the alleged license plate violation nor the surrounding circumstances created reasonable suspicion to justify a traffic stop. He also challenged the district court’s ruling that allowed the State to withdraw from the plea agreement.
The court of appeals concluded the informant’s tip and Harrison’s driving gave the officers reasonable suspicion to stop him. The court of appeals did not consider whether the alleged violation of Iowa Code section 321.37(3) provided an independent basis for the stop. The court of appeals also rejected Harrison’s argument that the district court should have enforced the plea agreement. We granted Harrison’s application for further review.
II. Scope of Review.
“On further review, we have the discretion to review all or some of the issues raised on appeal.... ” State v. Clay, 824 N.W.2d 488, 494 (Iowa 2012). In this appeal, we exercise that discretion and confine our review to whether the officers validly stopped Harrison for violating Iowa Code section 321.37(3). We decline to review the court of appeals decision affirming the district court ruling that allowed the State to withdraw from the plea agreement. “Therefore, the court of appeals decision on that issue stands.” Schaefer v. Putnam, 841 N.W.2d 68, 74 (Iowa 2013).
The validity of the traffic stop based on the frame covering up the county name on the license plate presents a question of statutory interpretation that we review for correction of errors at law. See State v. Romer, 832 N.W.2d 169, 174 (Iowa 2013).
III. Analysis.
‘When a peace officer observes a traffic offense, however minor, the officer has probable cause to stop the driver of the vehicle.” State v. Mitchell, 498 N.W.2d 691, 693 (Iowa 1993). A traffic violation therefore also establishes reasonable suspicion. See Alabama v. White, 496 U.S. 325, 330, 110 S.Ct. 2412, 2416, 110 L.Ed.2d 301, 309 (1990) (“Reasonable suspicion is a less demanding standard than *366 probable cause_”). “The motivation of the officer stopping the vehicle is not controlling in determining whether reasonable suspicion existed. The officer is therefore not bound by his real reasons for the stop.” State v. Kreps, 650 N.W.2d 636, 641 (Iowa 2002) (citation omitted). However, “a mistake of law is not sufficient to justify a stop.” State v. Tyler, 830 N.W.2d 288, 294-96 (Iowa 2013) (requiring suppression of evidence obtained when officer pulled over driver based on mistaken belief license plate cover was illegal). “[T]he possibility for racial profiling requires us to carefully review the objective basis for asserted justifications behind traffic stops.” Id. at 297 n. 4.
Iowa Code section 321.37(3) makes it unlawful “for the owner of a vehicle to place any frame around or over the registration plate which does not permit full view of all numerals and letters printed on the registration plate.” We must determine if covering up the county name on a license plate violates Iowa Code section 321.37(3). This is a question of first impression. If Harrison did indeed violate Iowa Code section 321.37(3), the officers had reasonable suspicion to pull him over and the district court correctly denied his motion to suppress.
Harrison argues the phrase “numerals and letters” in Iowa Code section 321.37(3) is a term of art that refers only to the large numbers and letters in the center of a license plate that are commonly referred to as the “registration plate number.” See Iowa Code § 321.166(2). The first district court judge to rule on the question agreed. The trial judge disagreed. Harrison relies on Iowa Code section 321.166(2), which states in relevant part:
Every registration plate or pair of plates shall display a registration plate number which shall consist of alphabetical or numerical characters or a combination thereof and the name of this state, which may be abbreviated. Every registration plate issued by the county treasurer shall display the name of the county, ... except Pearl Harbor and purple heart registration plates issued prior to January 1, 1997, and collegiate, fire fighter, and medal of honor registration plates.
Id. (emphasis added). Harrison notes this section separately mentions (1) the “registration plate number,” which consists of “alphabetical or numerical characters”; (2) “the name of this state”; and (3) “the name of the county.” He believes section 321.166(2) makes it clear that “alphabetical or numerical characters” is synonymous with “registration plate number,” both of which are distinct from the county name. He then argues the phrases “alphabetical or numerical characters” in section 321.166(2) and “numerals and letters” in section 321.37(3) are interchangeable— both are terms of art referring only to the registration plate number. See, e.g., id. § 321.34 (referring to license plate number for various specialized license plates as “letter-number” designation); id. § 321.34(12)(c) (noting personalized license plates “shall be limited to no more than five initials, letters, or combinations of numerals and letters”).
Harrison argues that when the legislature intends to refer broadly to all of the information on a license plate, it uses different terminology than “numerals and letters.” Namely, Iowa Code section 321.166(5) requires that “[tjhere shall be a marked contrast between the color of the registration plates and the data which is required to be displayed on the registration plates.” (Emphasis added.) He asserts that if the legislature intended section 321.37(3) to prohibit drivers from covering up the county name on a license plate, it would have written the statute to *367 say: “It is unlawful for the owner of a vehicle to place any frame around or over the registration plate which does not permit full view of the data which is required to be displayed on the registration plates.”
Harrison further argues Iowa Code sections 821.166(2) and 321.166(4) indicate the legislature does not view the county name as an important piece of information. Iowa Code section 321.166(2) exempts certain types of license plates from displaying the county name: “Pearl Harbor and purple heart registration plates issued prior to January 1, 1997, and collegiate, fire fighter, and medal of honor registration plates.” Iowa Code section 321.166(4) requires only “the registration plate number” to “be of sufficient size to be readable from a distance of one hundred feet during daylight.” Harrison bolsters this argument with Officer Ellerbach’s testimony that officers use the registration plate number to run a license plate check and do not use the county name to retrieve information from the license plate database. For all those reasons, Harrison urges us to conclude a license plate frame covering up the county name does not violate Iowa Code section 321.37(3).
The State counters that the language of Iowa Code section 321.37(3) is clear and unambiguous: it requires “full view of all numerals and letters printed on the registration plate,” and the county name on the plate is indisputably made up of letters. (Emphasis added.) The State asserts that if the legislature intended to limit the full-view requirement in section 321.37(3) to the “registration plate number,” it would have used that phrase instead of “all numerals and letters printed on the registration plate.” The State points to Iowa Code section 321.166(2) as evidence of the legislature’s ability to refer specifically to the “registration plate number.”
In response to Harrison’s argument that the county name is not an important piece of information, the State emphasizes that Iowa Code section 321.166(2) requires every license plate, except those exempted by statute, to display the county name. The State asserts this demonstrates “the county name is an integral element of the registration plate.” The State points out that, although the county name is not necessary for a license plate check, it nonetheless helps police and citizens identify vehicles. While a person who sees a driver commit a crime may not be able to remember a complete license plate number, the person may be more easily able to recall the county name. This would narrow the search to identify the vehicle. The county name on a plate also shows whether a vehicle is registered locally or not, which may be relevant in identifying suspicious behavior.
The State alternatively asserts Harrison violated Iowa Code section 321.38 by covering up the county name on his license plate. Iowa Code section 321.38 requires license plates “to be clearly visible and ... maintained free from foreign materials and in a condition to be clearly legible.” The State emphasizes that this requirement is not limited to only the license plate number. The State argues Harrison’s license plate frame was “foreign material” that prevented his license plate from being “clearly legible.”
We have not previously interpreted section 321.37(3). “When interpreting a statute, ‘our primary goal is to give effect to the intent of the legislature. That intent is evidenced by the words used in the statute.’” State v. Walker, 804 N.W.2d 284, 290 (Iowa 2011) (quoting Anderson v. State, 801 N.W.2d 1, 3 (Iowa 2011)). “In determining what the legislature intended ..., we are constrained to follow the express terms of the statute.” *368 State v. Byers, 456 N.W.2d 917, 919 (Iowa 1990). “When more than one statute is relevant, we consider the statutes together and try to harmonize them.” State v. Snyder, 684 N.W.2d 613, 615-16 (Iowa 2001) (construing interrelated provisions of Iowa Code chapter 321 to define “motor vehicle”). “Statutory words are presumed to be used in their ordinary and usual sense and with the meaning commonly attributable to them.” State v. Royer, 632 N.W.2d 905, 908 (Iowa 2001). “Generally understood words of ordinary usage need not be defined; however, technical terms or legal terms of art must be explained.” State v. Kellogg, 542 N.W.2d 514, 516 (Iowa 1996).
We conclude the plain language of Iowa Code section 321.37(3), read together with section 321.166(2), dictates the outcome of this appeal. Iowa Code section 321.166(2) requires a license plate such as Harrison’s to “display the name of the county.” Section 321.37(3) in turn provides:
It is unlawful for the owner of a vehicle to place any frame around or over the registration plate which does not permit full view of all numerals and letters printed on the registration plate.
Iowa Code § 321.37(3) (emphasis added). The language “all numerals and letters” unambiguously requires drivers to display all information printed on the license plate, including the county name. See Hinojosa v. State, 2009 Ark. 301, 319 S.W.3d 258, 262 (2009) (finding probable cause based on violation of statute that prohibits “obscuring the license ‘plate’” and noting “[njothing in the language of the statute restricts its applicability to the registration numbers alone”); Nelson v. State, 247 Ga.App. 455, 544 S.E.2d 189, 190 (2001) (denying motion to suppress when a defendant’s license plate cover obscured name of state on license plate tag, noting “the statute does not specify that only certain portions of the tag must not be obscured”). But see State v. St. Jean, 697 So.2d 956, 957 (Fla.Dist.Ct.App.1997) (finding county name was not an “identification mark” and, therefore, did not have to be visible on license plate); State v. Steams, 196 Or. App. 272, 101 P.3d 811, 815-16 (2004) (interpreting ambiguous statute in light of legislative intent and concluding statute did not prohibit obscuring the word “Oregon”).
We reject Harrison’s interpretation that section 321.37(3) only prohibits covering up the registration plate number. If the legislature had intended this full-view requirement to apply only to the characters of the registration plate number, it would have used that term in section 321.37(3). Instead, the legislature used broader language: “all numerals and letters printed on the registration plate.” See Iowa Code § 321.37(3). We give that phrase its generally understood meaning.
Harrison’s interpretation would undermine the display requirements for Iowa license plates. Section 321.166(2) expressly required Harrison’s license plate to display the name of the county. See Iowa Code § 321.166(2). Why permit motorists to cover up information on license plates they are required to display? Furthermore, Iowa Code sections 321.38 and 321.388 demonstrate that the legislature intended that all information to be displayed on a license plate must remain readable. Iowa Code section 321.38 requires “[ejvery registration plate” “to be clearly visible and ... maintained free from foreign materials and in a condition to be clearly legible.” Iowa Code section 321.388 requires the illumination of “the rear registration plate [to] render it clearly legible from a distance of fifty feet.” Taken together, these statutes reinforce our conclusion that covering up the county name on a license plate violates Iowa Code section 321.37(3). See State v. Hayes, 8 *369 Kan.App.2d 581, 660 P.2d 1387, 1389 (1983) (construing equivalent statutory language to require state name on license plate to be legible). Our interpretation harmonizes section 321.37(3) with these related statutory provisions governing the visibility and legibility of information to be displayed on license plates.
Our interpretation of section 321.37(3) also furthers the purpose of the statute. See Walker, 804 N.W.2d at 290 (“ ‘We seek a reasonable interpretation which will best effectuate the purpose of the statute. ...”’ (quoting State v. Johnson, 528 N.W.2d 638, 640 (Iowa 1995))). An important purpose of Iowa Code section 321.37(3), along with related sections, is to allow police and citizens to identify vehicles. See State v. Johnson, 219 S.W.3d 386, 389 (Tex.Crim.App.2007) (Johnson, J., concurring) (noting “license plates frequently contribute to the investigation and resolution of crime”). “License plates are primarily functional items, and it is not unreasonable to prohibit decorative items or accessories that affect that functionality even to a small degree.” Id. at 388 (majority opinion). Although the county name is unnecessary to conduct a license plate check, it can be useful to help law enforcement track down a vehicle driven by someone who has been observed breaking the law. Citizens unable to remember a complete registration plate number may be able to help identify a particular vehicle by providing the county name with a partial number.[2]
The trial judge correctly ruled that Iowa Code section 321.37(3) is violated when the license plate frame covers up the county name. Harrison’s violation of section 321.37(7) justified the traffic stop. The district court therefore correctly denied his motion to suppress. Because we uphold the stop on the basis of his license plate violation, we need not decide and do not reach the issue of whether the stop was independently justified on grounds of reasonable suspicion of drug dealing.
IY. Disposition.
For the foregoing reasons, we affirm the court of appeals opinion on the plea agreement issue, vacate its decision on the reasonable suspicion issue, and affirm the district court judgment and sentence.
DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT JUDGMENT AND SENTENCE AFFIRMED.
All justices concur except APPEL and HECHT, JJ., who dissent.

. The parties did not raise on appeal the issue of whether a pretextual traffic stop is valid. We therefore do not reach that issue.

. We recognize that certain specialty plates, such as those for medal of honor winners, firefighters, and collegiate plates, need not display a county name. See Iowa Code §§ 321.34, .166(2). Those plates, however, would be easier for a citizen to remember than a random combination of letters and numbers without the county name displayed.