# IN THE COURT OF APPEALS OF IOWA

No. 13-0975
Filed September 17, 2014

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**RYAN MICHAEL KREBS,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dallas County, Virginia Cobb, District Associate Judge.

A defendant appeals his conviction for operating while intoxicated, third offense. **AFFIRMED.**

James S. Nelsen, of James Nelson P.L.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, Bruce Kempkes, Assistant Attorney General, Wayne Reisetter, County Attorney, and Charles Sinnard, Assistant County Attorney, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and McDonald, JJ.

**VAITHESWARAN, P.J.**

An officer with the Waukee Police Department stopped a car driven by Ryan Michael Krebs. The officer based the stop on his observation of the vehicle "straddling" the solid white fog line on the right-hand side of a four-lane road. The officer discerned signs of intoxication.

The State charged Krebs with operating a motor vehicle while intoxicated, third offense. Krebs moved to suppress evidence obtained in the stop. After an evidentiary hearing, the district court denied the motion. The court based the ruling on the officer's observation of "two possible traffic violations, a lane violation pursuant to Section 321.306(1) of the Code, and an improper right-hand turn, pursuant to Section 321.311(1)(a) of the Code." *See* Iowa Code §§ 321.306(1), .311(1)(a) (2013).

Krebs waived his right to a jury trial and was tried to the court on the minutes of testimony. The court adjudged him guilty and imposed sentence.

On appeal, Krebs contends:

> The district court erred in denying [his] motion to suppress as there was no reasonable suspicion or probable cause to support the stop in violation of [his] rights under the fourth amendment to the United States Constitution and Article I section 8 of the Iowa Constitution.

Our review is de novo review. *See State v. Tague*, 676 N.W.2d 197, 201 (Iowa 2004).

An officer who observes a traffic violation, however minor, has probable cause to stop a motorist. *State v. Harrison*, 846 N.W.2d 362, 365 (Iowa 2014). "Probable cause may exist even if the officer's perception of the traffic violation was inaccurate." *State v. Tyler*, 830 N.W.2d 288, 293-94 (Iowa 2013). "The

existence of probable cause for a traffic stop is evaluated 'from the standpoint of an objectively reasonable police officer.'" *Id.* "[W]e look to the record as a whole to determine what facts were known to the deputy." *State v. Heminover*, 619 N.W.2d 353, 361 (Iowa 2000) (*overruled in part on other grounds by State v. Turner*, 630 N.W.2d 601, 606 n.2 (Iowa 2001)). The legality of a search and seizure "does not depend on the actual motivation of the individual officers involved." *State v. Predka*, 555 N.W.2d 202, 205 (Iowa 1996)

The district court found that the officer observed two violations. We will address only one, the wide right turn.

Iowa Code section 321.311(1)(a) states:

1. The driver of a vehicle intending to turn at an intersection shall do so as follows:

> a. Both the approach for a right turn and right turn shall be made as close as practical to the right-hand curb or edge of the roadway.

Iowa Code § 321.311(1)(a). The officer's dashboard video shows Krebs making a wide right turn, with his left wheels crossing the center line.

Krebs nonetheless contends reliance on the wide turn is impermissible because "it was not noted by or considered by [the officer] at the time of the stop." That is true. But, "[t]he State is not limited to the reasons stated by [the officer] in justifying the challenged stop." *Tague*, 676 N.W.2d at 201. The record as a whole includes the video, which clearly depicts the wide turn. Given the proximity of the officer's vehicle to the vehicle Krebs was driving, a reasonable officer would have observed the wide turn documented on the dashboard video. The fact that this officer did not make note of it is immaterial to the analysis.

Because Krebs failed to turn right "as close as practical to the right-hand curb or edge of the roadway" as required by section 321.311(1)(a), the officer had probable cause to stop his vehicle. We affirm the district court's denial of Krebs's motion to suppress.

**AFFIRMED.**

McDonald, J., concurs; Doyle, J., dissents.

**DOYLE, J.** (dissenting)

I respectfully dissent. Under the record before us, I do not believe the State proved the officer had probable cause to stop Krebs. I would therefore reverse the district court's order denying Krebs's motion to suppress.

In its ruling on the motion to suppress, the district court found that Officer Cox observed, prior to the stop, two possible traffic violations: a lane violation and an improper-turn violation. In addressing the improper-turn violation, the majority concludes "a reasonable officer *would have observed* the wide turn documented on the dashboard video." (Emphasis added.) While that may be true, there is nothing in the record before us establishing that the officer actually made such an observation prior to the stop.

The Fourth Amendment to the United States Constitution and Article 1, Section 8 of the Iowa Constitution protect individuals against unreasonable searches and seizures, including "unreasonable intrusions by law enforcement officers." *State v. Lewis*, 675 N.W.2d 516, 522 (Iowa 2004). Stopping a vehicle and detaining the occupant is a reasonable seizure if the officer has probable cause for the stop. *See Tague*, 676 N.W.2d at 201. "The purpose of a probable cause stop is to seize someone who has already committed a crime." *Tyler*, 830 N.W.2d at 293.

The bar to establish an officer had probable cause is pretty low. It is well-settled law in Iowa that a peace officer has probable cause to stop a driver of the vehicle, regardless of the severity of the offense, if the "officer *observes* a traffic offense." *Harrison*, 846 N.W.2d at 365 (emphasis added); *see also Tyler*, 830 N.W.2d at 292. Probable cause can be found even "if the officer's perception of

the traffic violation was inaccurate," *Tyler*, 830 N.W.2d at 293, or the officer's motivation for the stop was something other than the traffic violation observed, *Harrison*, 846 N.W.2d at 365. However, it is the State's burden to prove "by a preponderance of the evidence that the officer had probable cause to stop the motorist." *Tyler*, 830 N.W.2d at 293. "If a traffic violation actually occurred *and the officer witnessed it*, the State has established probable cause." *Id.* at 292 (emphasis added). We evaluate the existence of probable cause for a traffic stop "from the standpoint of an objectively reasonable police officer," *id.* at 293-94, and "we look to the record as a whole to determine *what facts were known to the deputy.*" *State v. Heminover*, 619 N.W.2d 353, 361 (Iowa 2000), *overruled on other grounds by State v. Turner*, 630 N.W.2d 601, 606 n.2 (Iowa 2001) (emphasis added).

Here there is no testimony by Officer Cox that he observed an improper right-hand turn in violation of Iowa Code section 321.311(1)(a) (2013). Nor is there any testimony by Officer Cox that the dash-cam video depicted or confirmed the observations he actually made regarding the turn. Officer Cox may well have observed the turn violation, but in light of a lack of evidence as to what he actually observed, it was wrong for the trial court, and for us, to speculate that the officer observed the violation. Although a video may lend support to an officer's testimony, a video cannot be used as a substitute for the requisite testimony by the officer as to the officer's actual pre-stop observations. I would find the State did not meet its burden to establish Officer Cox had probable cause to stop Krebs for the turn violation.

Turning to the lane violation, the district court found, in denying Krebs's motion to suppress, Officer Cox had probable cause to stop Krebs for a lane violation pursuant to section 321.306(1). Section 321.306, entitled "Roadways laned for traffic," provides in pertinent part:

> Whenever any roadway has been divided into three or more clearly marked lanes for traffic the following rules in addition to all others consistent herewith shall apply:
> A vehicle shall be driven as nearly as practical entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.

The statute has been construed to mean that a "violation does not occur unless the driver changes lanes before the driver ascertains that he or she could make such movement with safety." *Tague*, 676 N.W.2d at 203. That a vehicle crosses an edge line does not necessarily constitute probable cause for a stop. *See id.*

Officer Cox testified as he travelled eastbound on Hickman he noticed a car in front of him "straddling the white fog line," the "solid white line to the right-hand side of the road." He observed the white line "right in the middle of the car," "approximately half way over the white line onto the shoulder." The car straddled the white fog line for approximately twenty feet. He then followed the car "to try to collect more evidence" for a half mile to a mile before the car turned right onto Warrior Lane and then into a convenience store parking lot. He did not note any other traffic violations. Officer Cox then stopped Krebs for straddling the fog line.

Under *Tague*, a single instance of crossing a fog line does not constitute a violation of section 321.306. *See id.* During the time Officer Cox followed Krebs's car, he did not note any other traffic violations. The car was not weaving

within its own lane.  There was no veering.  There were no erratic turns.  There were no unremarkable lane changes.  The officer did not believe there was any other traffic in the vicinity.  Very much like the circumstances in *Tague*, the State here failed to prove by a preponderance of evidence any objective basis to believe Krebs's movement was done without first ascertaining that he could make such movement with safety.  Thus, I must conclude Krebs's single incident of crossing the fog line for a short time did not give the officer probable cause to stop Krebs for a traffic violation under section 321.301(1).  I would find the State did not meet its burden to establish Officer Cox had probable cause to stop Krebs for the lane violation.

For the above reasons, I do not believe the State proved the officer had probable cause to stop Krebs's vehicle for a traffic violation.  I would therefore have reversed the district court's denial of Krebs's motion to suppress.