# IN THE COURT OF APPEALS OF IOWA

No. 13-1671
Filed November 26, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**TONY CHRISTOPHER WILLIAMS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Wapello County, Kirk A. Daily, District Associate Judge.

Tony Williams appeals the district court's denial of his motion to suppress evidence acquired during a traffic stop that resulted in his conviction for operating a vehicle while intoxicated. **AFFIRMED.**

Bret R. Larson of Osborn, Milani, Mitchell & Goedken, L.L.P., Ottumwa, for appellant.

Thomas J. Miller, Attorney General, Kyle Hanson, Assistant Attorney General, Lisa Holl, County Attorney, and Stephen Swanson, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**POTTERFIELD, J.**

Tony Williams was found guilty of operating a vehicle while intoxicated in a bench trial before the district court. He appeals the district court's denial of his motion to suppress evidence acquired during the traffic stop.

### I. Factual and Procedural Background

On November 23, 2012, a police officer observed Williams drive past her cruiser. She "observed some issue with the brake lights." She initiated a traffic stop to inform him the center brake light was not functioning. When she began to interact with Williams, it became evident he was intoxicated.

On December 19, 2012, the State charged Williams by trial information with operating while intoxicated in violation of Iowa Code section 321J.2(1)(a)–(b) (2011).[1] Williams moved to suppress all evidence obtained from the stop. After a hearing at which the officer testified, the district court denied the motion to suppress. Williams waived his right to a jury trial, and the district court entered a guilty verdict on August 26, 2013. Williams now appeals the denial of his motion to suppress.

### II. Standard and Scope of Review

Williams's claim of error arises under the protections against unreasonable seizures found in both the United States Constitution and the Iowa Constitution. *See* U.S. Const. amend. IV; Iowa Const. art. 1 § 8. We therefore review de novo. *See State v. Lane*, 726 N.W.2d 371, 377 (Iowa 2007).

---

[1] "A person commits the offense of operating while intoxicated if the person operates a motor vehicle in this state . . . [w]hile under the influence of an alcoholic beverage or other drug or a combination of such substances[ or w]hile having an alcohol concentration of .08 or more." Iowa Code § 321J.2(1)(a)–(b).

### III. Discussion

The Fourth Amendment to the United States Constitution provides, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV. Analogous protections are provided in the Iowa Constitution. *See* Iowa Const. art. 1 § 8. An officer must have either probable cause or reasonable suspicion to stop a vehicle. *See State v. Tyler*, 830 N.W.2d 288, 292–93 (Iowa 2013).

"Probable cause exists if the totality of the circumstances as viewed by a reasonable and prudent person would lead that person to believe that a crime has been or is being committed and that the arrestee committed or is committing it." *State v. Tague*, 676 N.W.2d 197, 201 (Iowa 2004). "When a peace officer observes a violation of our traffic laws, however minor, the officer has probable cause to stop a motorist." *Id.* "[A]n officer's reasonable mistake of fact supporting [her] belief that a traffic violation or other criminal activity is underway will suffice as probable cause for a stop." *State v. Louwrens*, 792 N.W.2d 649, 652 (Iowa 2010).

A reasonable suspicion exists when "the stopping officer had specific and articulable facts . . . taken together with rational inferences from those facts[] to reasonably believe criminal activity may have occurred." *Tague*, 676 N.W.2d at 204. The reasonable suspicion standard is less demanding than the probable cause standard, so if there is probable cause, there is also reasonable suspicion. *See State v. Harrison*, 846 N.W.2d 362, 365–66 (Iowa 2014).

Williams argues the officer's stated reasons for pulling his car over do not constitute reasonable suspicion (or, by extension, probable cause). He claims her purported observation of "some issue with [his] brake lights" is not a specific and articulable basis for the stop.[2] The video recording of the incident, he asserts, does not sufficiently give rise to a reasonable suspicion of a traffic violation. He argues the video in fact demonstrates that his brake light was in working order.

The State argues the stop was supported by probable cause (and, by extension, reasonable suspicion). It notes the officer testified she believed there were multiple bulbs in the brake light enclosure and at least one of the bulbs was not illuminated in violation of Iowa Code section 321.387.[3] It responds to Williams's assertion the brake light was in working order by noting it is not clear from the video evidence how many bulbs were or were not illuminated, and the officer's stop is supported by a reasonable mistake of fact even if each bulb was functional.

We agree with the district court that the officer had probable cause to stop the vehicle. The officer's testimony demonstrated that either the brake light's

---

[2] Williams further claims the officer's testimony was not derived from personal knowledge and was therefore admitted at the suppression hearing in violation of our rules of evidence. He argues the testimony should have been excluded under Iowa Rule of Evidence 5.602, which provides, "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." He argues the officer's testimony that she struggled to remember details of the event clearly should have foreclosed the admission of her testimony entirely. However, the officer explained that her testimony at the hearing was based on her review of her own report, which she wrote at the time of the incident.

[3] "Every motor vehicle . . . shall be equipped with a lighted rear lamp or lamps . . . . All lamps and lighting equipment originally manufactured on a motor vehicle shall be kept in working condition or shall be replaced with equivalent equipment." Iowa Code § 321.387.

functionality was impaired or she made a reasonable mistake of fact in believing she observed an impaired brake light. The officer noted she did not know Williams prior to the incident, had no other reason to initiate the stop, and pulled him over only to inform him of his defective brake lights.

The district court found the officer's testimony credible, and "we give deference to the factual findings of the district court due to its opportunity to evaluate the credibility of the witnesses." *State v. Lane*, 726 N.W.2d 371, 377 (Iowa 2007). We find the officer had probable cause to initiate the stop, and we therefore affirm.

**AFFIRMED.**