**IN THE COURT OF APPEALS OF IOWA**

No. 15-0657
Filed February 10, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CHRISTY ELIZABETH PENNINGTON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Warren County, Kevin A. Parker,

District Associate Judge.


        Christy Pennington appeals from her conviction for operating while

intoxicated, second offense.  **AFFIRMED.**


        Nicholas A. Carda and Ryan J. Ellis of Ellis Law Offices, P.C., Indianola,

for appellant.

        Thomas J. Miller, Attorney General, and Kevin Cmelik and Louis S.

Sloven, Assistant Attorneys General, for appellee.


        Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

Christy Pennington appeals from her conviction for operating while intoxicated, second offense. She contends the officer who stopped her for speeding did not have reasonable grounds to request that she perform field sobriety tests, violating her constitutional right to be free from unreasonable seizures. She argues the trial court erred in denying her motion to suppress.

We review suppression rulings based on constitutional arguments de novo. *State v. McIver*, 858 N.W.2d 699, 702 (Iowa 2015). "We give deference to the district court's fact findings due to its opportunity to assess the credibility of witnesses, but we are not bound by those findings." *State v. Turner*, 630 N.W.2d 601, 606 (Iowa 2001).

> A traffic stop is permissible under our Iowa and Federal Constitutions when supported by probable cause or reasonable suspicion of a crime. *Delaware v. Prouse*, 440 U.S. 648, 654–55 (1979); [*State v.*] *Pals*, 805 N.W.2d [767,] 774 [(2011)]; *State v. Tague*, 676 N.W.2d 197, 201, 204 (Iowa 2004). Probable cause of a crime supports an arrest, while reasonable suspicion of a crime allows a peace officer to stop and briefly detain a person to conduct a further investigation. *See Tague*, 676 N.W.2d at 201, 204. When a peace officer observes any type of traffic offense, the violation establishes both probable cause to stop the vehicle and reasonable suspicion to investigate. *State v. Harrison*, 846 N.W.2d 362, 365 (Iowa 2014).

*McIver*, 858 N.W.2d at 702. "We do not evaluate reasonable suspicion based on each circumstance individually, but determine the existence of reasonable suspicion by considering all the circumstances together." *Id.*

Pennington was pulled over when an officer clocked her speed at sixty-seven miles per hour in a fifty-five-miles-per-hour zone. Pennington does not challenge the legality of the traffic stop. She does, however, argue that once the

officer wrote her the citation for speeding, he had no grounds for detaining her further and requesting that she conduct field sobriety tests. We disagree.

In speaking with Pennington after stopping her, the officer observed she smelled of alcoholic beverages and perfume, and in the officer's experience, perfume is often used to attempt to mask the smell of alcoholic beverages. Pennington originally handed the officer an expired proof-of-insurance card, and the officer asked her to produce her license, registration, and a current proof of insurance. The dash cam of the officer's vehicle indicates she had difficulty doing so. At the suppression hearing, the officer testified further that after writing a citation for speeding,

> I went back and I was—while speaking with her, I continued to smell the odor and double verified that, yes, that's what I was smelling was this odor of an alcoholic beverage, and I ended up having her get out of the car.
>     Q. And what did you ask her to do when you did that? A. I asked her to take a nystagmus test initially.
>     Q. Did she agree to do that? A. Yes she did.

We conclude that based on the totality of the circumstances, the officer had reasonable cause to request that Pennington perform field sobriety tests. *See State v. Stevens*, 394 N.W.2d 388, 391 (Iowa 1986) (stating officer with reasonable cause to believe defendant was intoxicated could request defendant perform dexterity tests to determine whether there was probable cause to arrest); *State v. Harlan*, 301 N.W.2d 717, 720 (Iowa 1981) (holding that "a seizure implicating the fourth amendment" occurred "when [Officer] Hinton asked for Harlan's driver's license and requested that he perform field sobriety tests," but that it was constitutional under *Terry* because the officer "had an articulable and

reasonable suspicion that Harlan was driving under the influence of alcohol").

We therefore affirm the trial court's denial of Pennington's motion to suppress.

**AFFIRMED.**