# IN THE COURT OF APPEALS OF IOWA

No. 18-1432
Filed June 5, 2019

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**NATHAN SKERIES,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Polk County, Gregory D. Brandt, District Associate Judge.


　　　Nathan Skeries appeals his conviction for operating while intoxicated.
**AFFIRMED.**


　　　Robert A. Nading II and Charles P. Pritchard Jr. of Nading Law Firm, Ankeny, for appellant.

　　　Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.


　　　Considered by Vogel, C.J., Mullins, J., and Carr, S.J.*

　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**CARR, Senior Judge.**

Nathan Skeries appeals his conviction for operating while intoxicated (OWI). Specifically, he challenges the denial of his motion to suppress evidence obtained during the traffic stop of his vehicle. Because he argues the traffic stop violated his constitutional rights, our review is de novo. *See State v. Pals*, 805 N.W.2d 767, 771 (Iowa 2011).

Officer Zackery McVey of the Ankeny Police Department was patrolling traffic at around 1:00 a.m. on March 11, 2018, when he encountered a 2012 Jeep Rubicon approaching from the opposite direction without its factory headlamps lighted. The officer noticed that the vehicle had its auxiliary lights or fog lamps lighted instead, but he did not believe they illuminated at least one hundred feet ahead as required by Iowa Code section 321.409(1)(b) (2018). After turning to follow the vehicle, Officer McVey saw it cross over the lane divider.

Officer McVey stopped the vehicle and identified Skeries as the driver. The officer noticed signs of intoxication, and Skeries admitted to consuming alcohol. After conducting field sobriety tests and administering a preliminary breath test, the officer placed Skeries under arrest for OWI. Skeries breath test registered a breath alcohol content of .196.

The State charged him with OWI, and Skeries moved to suppress the evidence obtained during the traffic stop. He argued the traffic stop was unlawful because Officer McVey did not have a reasonable suspicion that criminal activity had occurred or was occurring. The district court denied the motion after finding Officer McVey was justified in making the traffic stop to determine whether the vehicle's headlamps were working properly.

Skeries contends the district court erred in denying his motion to suppress the evidence.

> When a person challenges a stop on the basis that reasonable suspicion did not exist, the State must show by a preponderance of the evidence that the stopping officer had specific and articulable facts, which taken together with rational inferences from those facts, to reasonably believe criminal activity may have occurred.

*State v. Tague*, 676 N.W.2d 197, 204 (Iowa 2004). Although law enforcement has reasonable suspicion to stop the driver of a vehicle upon observing a traffic offense, no matter how minor, the stop is not justified if based on a mistake of law. *See State v. Harrison*, 846 N.W.2d 362, 365-66 (Iowa 2014).

Skeries argues that Officer McVey based the traffic stop on the mistaken belief that Iowa law requires headlamps to illuminate at least one hundred feet ahead. Iowa Code section 321.409(1)(b) requires that "the headlamps or the auxiliary driving lamp or the auxiliary passing lamp or combination thereof" provide "a lowermost distribution of light . . . of sufficient intensity to reveal persons and vehicles at a distance of at least one hundred feet ahead." Skeries argues that the auxiliary lights on his vehicle, which were altered from the factory-equipped lights, sufficiently illuminated the road as required by section 321.409(1)(b).

At the suppression hearing, Officer McVey testified that Iowa law requires a vehicle's headlights to illuminate one hundred feet in front of the vehicle, at a minimum. Although Officer McVey admitted he did not have the ability to measure how much illumination the auxiliary lights provided, he testified that in "[his] professional opinion from [his] experience, [he] did not believe that they were illuminating the road far enough to be considered a headlamp." This provided Officer McVey with reasonable suspicion to initiate a traffic stop and investigate

whether a traffic offense was being committed. *See State v. Kreps*, 650 N.W.2d 636, 642 (Iowa 2002) ("Whether reasonable suspicion exists for an investigatory stop must be determined in light of the totality of the circumstances confronting a police officer, including all information available to the officer at the time the decision to stop is made."). We may also affirm the denial of Skeries's motion to suppress based on Officer McVey's reasonable suspicion that Skeries was engaged in OWI. *See State v. Smith*, 876 N.W.2d 180, 184 (Iowa 2016) (noting we may affirm ruling on admissibility of evidence on any ground urged to but not relied on by the district court). Officer McVey testified that in his experience, "people who have been drinking or who are impaired in some sort oftentimes see a small amount of light in front of their vehicle and don't realize their actual headlamps are not on." Coupled with the late hour and Officer McVey's observation that Skeries was having difficulty keeping his vehicle in his lane, the officer had reasonable suspicion to stop Skeries to investigate whether he was committing OWI. Accordingly, we affirm.

**AFFIRMED.**