# IN THE COURT OF APPEALS OF IOWA

No. 20-0983
Filed July 21, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DAN EUGENE SCHWABE,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Warren County, Kevin Parker, District Associate Judge.

Dan Schwabe appeals the district court's denial of his motion to suppress evidence following a traffic stop. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kyle Hanson and Genevieve Reinkoester, Assistant Attorneys General, and Josh Hughes, law student, for appellee.

Considered by Bower, C.J. and Tabor and Ahlers, JJ.

**AHLERS, Judge.**

In the early morning hours of April 17, 2019, an on-duty Indianola police officer was parked next to a highway when he observed a vehicle cross the centerline of the highway. The officer began to follow the vehicle in the officer's patrol vehicle and observed the subject vehicle cross the centerline three more times. Each time the vehicle crossed the centerline, it straddled the line for an approximate distance equal to the length of one city block before returning to the proper lane of travel. Having observed these infractions, the officer initiated a traffic stop. The driver was identified as Dan Eugene Schwabe. A call to dispatch revealed Schwabe's driving status was barred. Schwabe was arrested and charged with driving while barred in violation of Iowa Code sections 321.560 and 321.561 (2019).

Schwabe moved to suppress all evidence following the stop of his vehicle, claiming the traffic stop was not supported by probable cause or reasonable suspicion that a traffic offense occurred. Following a hearing, the district court denied the motion, and Schwabe was found guilty of driving while barred after a stipulated trial on the minutes of evidence. Schwabe appeals, claiming his right to be free from unreasonable seizures protected by the Fourth Amendment of the United States Constitution and article I, section 8 of the Iowa Constitution was violated.[1]

---

[1] It is not clear Schwabe raised claims under both constitutions, as neither his motion nor his counsel's statements at the suppression hearing identify which constitutional provision Schwabe claims was violated. Due to the similarity in language between the federal and state constitutional provisions at issue, we generally interpret them to have the same scope and purpose, even though we guard our right to interpret them differently. *State v. Brown*, 930 N.W.2d 840, 847

"When a defendant challenges a district court's denial of a motion to suppress based upon the deprivation of a state or federal constitutional right, our standard of review is de novo." *Brown*, 930 N.W.2d at 844 (quoting *State v. Brown*, 890 N.W.2d 315, 321 (Iowa 2017)). Appellate courts look to the entire record to "make 'an independent evaluation of the totality of the circumstances.'" *Brown*, 890 N.W.2d at 321 (quoting *In re Prop. Seized from Pardee*, 872 N.W.2d 384, 390 (Iowa 2015)). Moreover, we are deferential to the district court's fact findings due to its ability "to assess the credibility of witnesses, but we are not bound by those findings." *Id.* (quoting *Pardee*, 872 N.W.2d at 390).

When a peace officer observes a traffic violation, however minor, the officer has probable cause and reasonable suspicion to stop the driver of the vehicle. *State v. Harrison*, 846 N.W.2d 362, 365 (Iowa 2014). Schwabe does not challenge the notion that, if he drove his vehicle over the centerline, the officer could properly stop him. *See* Iowa Code § 321.297(1) (requiring a vehicle to be driven on the right half of the roadway). What Schwabe challenges is the finding that he did, in fact, drive his vehicle over the centerline as alleged.

In support of his challenge, Schwabe relies exclusively on the fact that the video from the dash camera of the officer's vehicle did not show the claimed driving irregularities. Having reviewed the video, we find it inconclusive. The low light, distance between vehicles, and resolution of the dash camera prevent us from determining definitively whether the claimed line crossing occurred when the video

---

(Iowa 2019). As Schwabe does not suggest a framework for analyzing the Iowa Constitution differently from the framework under the United States Constitution, we will apply the general federal framework. *See State v. Fogg*, 936 N.W.2d 664, 667 (Iowa 2019).

is considered in isolation. However, the video is not the only evidence. The officer testified to his observations of Schwabe's vehicle crossing over the centerline multiple times.[2] The district court made an implied credibility finding in the officer's favor when it relied on the officer's testimony to conclude the line crossings occurred despite the lack of corroboration from the video. We give that credibility finding appropriate deference. *See Brown*, 890 N.W.2d at 321. We also note the dash camera video was accompanied by an audio recording that captures the officer describing the line crossing in play-by-play fashion as it occurred. We find it implausible to accept Schwabe's suggestion that the officer pursued Schwabe's vehicle without legitimate reason, activated the patrol vehicle's audio and video recording equipment, and then recited a false narrative describing line-crossing infractions into that recording equipment knowing it may show his narrative to be false. On our de novo review, we reach the same conclusion as the district court that Schwabe did, in fact, cross the centerline several times as testified to by the officer. These infractions provided probable cause and reasonable suspicion to initiate a traffic stop of Schwabe's vehicle, so there was no constitutional violation. Having found the stop to be lawful based on the line-crossing violations, we need not address any other bases for the stop. The district court properly denied Schwabe's suppression motion.

**AFFIRMED.**

---

[2] In describing Schwabe's vehicle "crossing" the centerline, the officer clarified that this meant the vehicle was driven so that the left tires of the vehicle were completely to the left of the centerline rather than just touching the centerline.