# IN THE SUPREME COURT OF IOWA

No. 22–1234

Submitted October 10, 2023—Filed November 9, 2023

**STATE OF IOWA,**

Appellant,

vs.

**CHASE ROBERT GRIFFIN,**

Appellee.

---

Appeal from the Iowa District Court for Warren County, Mark F. Schlenker, District Associate Judge.

The State seeks review of an order suppressing evidence from a traffic stop.

**REVERSED AND REMANDED.**

May, J., delivered the opinion of the court, in which all justices joined.

Brenna Bird, Attorney General; Aaron James Rogers (argued) and Thomas E. Bakke, Assistant Attorneys General, for appellant.

Colin Murphy (argued) of Gourley, Rehkemper & Lindholm, PLC, West Des Moines, for appellee.

**MAY, Justice.**

Chase Griffin's rear license plate was shrouded with a tinted plastic cover. The cover made it difficult for Iowa State Patrol troopers to read Griffin's rear license plate. The troopers stopped Griffin to warn him that the cover violated Iowa law. During the stop, the troopers gained evidence that led to criminal charges against Griffin. Griffin moved to suppress that evidence. Griffin argued that his license plate cover did not violate Iowa law and, therefore, the traffic stop was unconstitutional. The district court agreed. The State then asked us to review that ruling.

We conclude that the license plate cover violated an Iowa traffic statute. Therefore, the traffic stop was not unconstitutional, and evidence from the stop should not be suppressed. We reverse and remand for further proceedings.

## I. Factual and Procedural Background.

We have reviewed de novo the record from the suppression hearing. Based on that review, we find the following facts. At about 5:30 p.m. on February 19, 2022, Chase Griffin was driving an SUV on Highway 5 in Warren County. The sky was clear, but it was getting close to sunset. Shadows darkened the highway.

An Iowa State Patrol cruiser was also traveling on Highway 5. The troopers were Sgt. Wade Major and Trooper Binh Nguyen. Trooper Nguyen was driving while Sgt. Major occupied the passenger seat.

The cruiser approached Griffin's SUV from behind. Initially, it appeared to Sgt. Major that "everything was black" on the rear of the SUV. At that point, he "was unable to view [a] registration plate of any type" on the SUV. So Sgt. Major directed Trooper Nguyen to get close, "within one to two car lengths." As the troopers pulled close to the SUV, they could see a rear plate, but it was shrouded by a plastic cover. This cover appeared very dark. Because of the cover, the plate's registration information was difficult to read. Trooper Nguyen "could not

fully, legibly read the numericals or letters" on the SUV's rear plate. Sgt. Major "was unable to provide letters or numbers" from the plate "to Trooper Nguyen."

Griffin turned onto the Fleur Drive exit. The troopers followed. They pulled Griffin over on the exit ramp. The troopers planned to give Griffin a warning that the dark cover on his rear license plate violated Iowa Code section 321.37 (2022).

As Griffin's SUV came to a stop, the cruiser rolled up close behind. At that point, with one vehicle stopped right behind the other, the troopers could see the SUV's rear plate, but it was still difficult to read. Indeed, on the dashcam video, the plate cannot be read at this point in the stop. We recognize, though, that this is partially due to the limitations of video technology. Even so, we accept Sgt. Major's testimony that he couldn't fully read the rear license plate until he walked up to the SUV.

The troopers approached the SUV's driver's-side window. As they approached, the troopers were still planning to issue a warning for the license plate cover. But then the troopers spoke with Griffin. During this interaction, the troopers smelled alcohol. And the troopers observed two small children in the SUV. More investigation followed.

Griffin was charged with operating while intoxicated and two counts of child endangerment. *See* Iowa Code § 321J.2; *id.* § 726.6. As trial approached, Griffin moved to suppress evidence gained through the stop. Suppression was required, Griffin argued, because the cover did not violate the Iowa Code and, therefore, the stop was unconstitutional. The district court agreed with Griffin and granted Griffin's motion. The State then asked our court to grant discretionary review. We granted the State's request.

**II. Merits.**

**A. Analysis.** We begin with a brief overview of the relationship between traffic laws, criminal procedure, and constitutional law. Both the United States

Constitution and the Iowa Constitution protect the people against "unreasonable seizures." U.S. Const. amend. IV; Iowa Const. art. I, § 8 (searches and seizures). A traffic stop is a "seizure" under both Constitutions. *Berkemer v. McCarty*, 468 U.S. 420, 436–37 (1984); *State v. Tyler*, 830 N.W.2d 288, 292 (Iowa 2013). So if a traffic stop is unreasonable, the stop is unconstitutional. U.S. Const. amend. IV; Iowa Const. art. I, § 8 (searches and seizures). When that occurs, courts can "suppress"—or exclude from trial—any evidence that law enforcement gained through the traffic stop. *Tyler*, 830 N.W.2d at 293. We call this the exclusionary rule. *See State v. Burns*, 988 N.W.2d 352, 373–74 (Iowa 2023) (McDonald, J., concurring) (describing the history of the exclusionary rule).

The exclusionary rule does not apply, though, unless a traffic stop is *un*reasonable and, therefore, unconstitutional. And "a traffic stop is *reasonable*"—and therefore constitutional—when there is probable cause "to believe that the motorist violated a traffic law." *State v. Brown*, 930 N.W.2d 840, 845 (Iowa 2019) (emphasis added).

As noted, the question here is whether a traffic violation justified the stop of Griffin's SUV. The State argues that the stop was justified because Griffin's plate cover violated two traffic statutes: Iowa Code sections 321.37 and 321.38. *See* Iowa Code §§ 321.37–.38. Section 321.37 states in relevant part:

> 1. Registration plates issued for a motor vehicle . . . shall be attached to the motor vehicle, one in the front and the other in the rear. . . .
>
> . . . .
>
> 3. It is unlawful for the owner of a vehicle to place any frame around or over the registration plate which does not permit full view of all numerals and letters printed on the registration plate.

*Id.* § 321.37. Section 321.38 states in relevant part:

> Every registration plate shall at all times be securely fastened in a horizontal position to the vehicle for which it is issued so as to

prevent the plate from swinging and at a height of not less than twelve inches from the ground, measuring from the bottom of the plate, in a place and position to be clearly visible and shall be maintained free from foreign materials and in a condition to be clearly legible.

*Id.* § 321.38.

Our interpretation of statutes is guided by familiar principles. We focus on the legislature's words. *Doe v. State*, 943 N.W.2d 608, 610 (Iowa 2020). We give those words their ordinary meanings in light of the relevant context. *State v. Harrison*, 846 N.W.2d 362, 368 (Iowa 2014).

Applying these principles here, we agree with the State that Griffin's license plate cover violated section 321.37. Section 321.37 prohibits vehicle owners from "plac[ing] any frame . . . over the registration plate which does not permit full view of all numerals and letters printed on the registration plate." Iowa Code § 321.37(3). Griffin's license plate cover fit over the rear registration plate, and it prevented a full view of the plate's numerals and letters. Because of the cover, the troopers had only a limited view of the numerals and letters. The cover prevented the troopers from readily reading the plate's numerals and letters while traveling closely behind Griffin's SUV. This violated section 321.37. *See id.*

Because Griffin's license plate cover violated section 321.37, it was reasonable for the troopers to stop Griffin's SUV, the stop was not unconstitutional, the exclusionary rule does not apply, there are no grounds to suppress evidence from the stop, and, therefore, we must reverse the district court's order suppressing that evidence. We need not—and, therefore, we do not—reach the separate question of whether Griffin's license plate cover also violated section 321.38.

**B. The District Court's Reasoning.** We have considered the district court's contrary view. The district court focused on *State v. Tyler*, 830 N.W.2d

288. The district court read *Tyler* to mean that a tinted license plate cover *cannot* violate section 321.37. We read *Tyler* differently. In *Tyler,* as here, a police officer stopped a car because of a license plate cover. *Id.* at 290. The officer's report suggested that *every* tinted license plate cover violates section 321.37. *Id.* at 294. We rejected this *categorical* view. *See id.* at 294–95. We clarified that section 321.37 does not *categorically* "proscribe tinted license plate covers." *Id.* at 294. "Rather," we explained, section 321.37 proscribes "any frame or cover '*which does not permit full view of all numerals and letters printed on the registration plate.*' " *Id.* (emphasis added) (quoting Iowa Code § 321.37(3) (2009)). That is the situation here: Because Griffin's cover did not permit full view for the troopers, Griffin's cover violated section 321.37.

**C. Griffin's Arguments.** We have considered all of Griffin's counterarguments. We mention four of them here.

First, like the district court, Griffin reads *Tyler* to preclude a finding that a tinted license plate cover could violate Iowa law. *See id.* at 294–95. As already explained, we do not read *Tyler* so broadly. *See id.*

Second, Griffin suggests that if an officer makes a mistake of law when describing the reasons for a stop, the stop is unconstitutional under *Tyler. See id.* And a mistake of law occurred here, Griffin argues, because Sgt. Major supposedly said that tinted license plate covers are categorically prohibited. And Trooper Nguyen said something similar in his written report, Griffin claims.

We disagree on both factual and legal grounds. On the factual front, we view the record differently than Griffin does. Of course, Griffin is right that both Sgt. Major and Trooper Nguyen mentioned the tinted nature of Griffin's plate cover. But neither of them suggested that tinting alone *automatically* violates Iowa law. Rather, they both properly focused on the fact that the tinting made the plate difficult to read.

On the legal front, we disagree with Griffin's view concerning mistakes of law. It is true that—at least under the Iowa Constitution—"a mistake of law is not *sufficient* to justify a stop." *Id.* at 294 (emphasis added). *But cf. Heien v. North Carolina,* 574 U.S. 54, 57 (2014) (holding that a reasonable "mistake of law can . . . give rise to the reasonable suspicion necessary to uphold the seizure under the Fourth Amendment"). This does not mean, however, that an *otherwise justified* stop loses its justification simply because an officer misunderstands or mischaracterizes the scope or meaning of a statute. *See Tyler,* 830 N.W.2d at 295 ("[T]he State is *not* limited to the reasons stated by the investigating officer in determining whether either probable cause or reasonable suspicion existed for the stop."). And, as explained, the stop of Griffin was justified because Griffin's license plate cover violated section 321.37. The stop was *still* justified even if, as Griffin suggests, the troopers' *explanations* of the law were incomplete or erroneous.

Third, we have considered Griffin's suggestion that his plate cover and, therefore, the legitimacy of the stop should be judged on the basis of a photo of the SUV that Griffin submitted during the suppression hearing. We disagree. Griffin took the photo about three days after the traffic stop. The photo appears to have been taken in a residential driveway. The photo shows the SUV at close range at a dead stop in full light. The photo does *not* show what the SUV looked like at highway speeds on a shadow-shrouded road at about 5:30 p.m. on February 19, 2022. The photo does not show what Sgt. Major and Trooper Nguyen saw or could have seen when they made their decision to stop Griffin. Indeed, at the suppression hearing, Griffin's counsel acknowledged that "the photo was not offered to depict . . . how" Griffin's SUV "appeared to the officers." So we do not think the photo should drive our analysis.

Finally, we have considered Griffin's argument that because the troopers could read the plate *after* Griffin's vehicle pulled to a stop, the troopers were not justified in continuing the stop by approaching the driver's-side door. We disagree. As explained, Griffin's license plate cover violated sections 321.37 because it made the plate difficult to read when the troopers were traveling closely behind Griffin's SUV. *See* Iowa Code § 321.37. The violation occurred then—when the troopers were traveling closely behind Griffin at highway speed. And so the violation was complete well before Griffin's vehicle stopped. Once Griffin stopped, the troopers would have been justified in ticketing Griffin for the violation or, as they planned to do, simply issuing him a warning for the violation. Regardless, the troopers were fully justified in approaching the driver's-side door and talking with Griffin. And so the troopers were fully justified in gathering the incriminating evidence that they observed during and after that encounter.

**III. Conclusion.**

The district court erred in granting Griffin's motion to suppress. We reverse and remand for further proceedings.

**REVERSED AND REMANDED.**