STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
PATRICK T. O'DONNELL, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted October 6, 1983—Decided October 19, 1983.

Before Judges MATTHEWS and SHEBELL.

*Dietz, Allen & Sweeney,* for appellant (*Michael J. Sweeney* on the brief).

*Stephen G. Raymond,* Prosecutor of Burlington County, attorney for respondent (*Brian G. Flanagan,* Assistant County Prosecutor, on the brief).

PER CURIAM.

Defendant brought a motion to suppress in the Superior Court, Burlington County, which was denied. He sought to exclude all fruits of an allegedly illegal arrest by a Burlington Township police officer acting in Westampton Township on a charge of violating *N.J.S.A.* 39:4–50. Following that denial he entered a guilty plea to the charge and appeals to this court on the suppression issue. We affirm.

Defendant maintains that *N.J.S.A.* 40A:14–152 limits the powers of municipal police to arrests "... within the territorial limits of the municipality ..." even in motor vehicle matters, citing the New Jersey Supreme Court in *State v. Cohen,* 73 *N.J.* 331 (1977).

*State v. Cohen* states:

> ... generally a governing body can directly exercise its police power only within its jurisdictional boundaries, absent a statute broadening those powers ... Consequently police officers can normally exercise the powers inhering in their office only within the confines of the jurisdiction which employs them. [at 342]

The issue before the court in that case however was limited to a consideration of the extent of jurisdiction conferred upon port authority police by *N.J.S.A.* 32:2–25. The court specifically found it was not necessary to consider the validity of the holding in *State v. McCarthy,* 123 *N.J.Super.* 513 (Cty.Ct.1973), which upheld the propriety of an arrest by a municipal police officer of a motorist for a violation of *N.J.S.A.* 39:4–50 outside of the territorial limits of the police officer's municipality although the offense was observed by the officer within his own municipality.

We first note that *N.J.S.A.* 40A:14–152 which limits the authority of municipal police to arrest for disorderly-persons and breach-of-the-peace offenses to the limits of their municipality does not make any reference to motor vehicle offenses. It is *N.J.S.A.* 39:5–25 which deals specifically with motor vehicle violations. Its statutory language does not demonstrate an intent to limit the authority of police officers to the territorial limits of the employing municipality in making arrests for motor

vehicle offenses committed in their presence. The following provisions of *N.J.S.A.* 39:5–25 contain no language limiting its territorial application:

> Any ... police officer, ... may without a warrant, arrest any person violating in his presence any provision of chapter three of this Title (39:3–1 et seq.)....
> The arresting officer shall bring any person so arrested before any magistrate of the county wherein the offense is committed....

It also more particularly provides that:

> "If the arrest is for a violation of section 39:4–50 of this Title, the arresting officer may, if no magistrate, clerk or deputy clerk is available, detain the person arrested either in *any police station,* lock up or other place maintained by *any municipality* for the detention of offenders or in the common jail of the county for such reasonable time as will permit the arresting officer to obtain a warrant for the offender's further detention, which temporary detention shall not exceed twenty-four hours from the time of arrest." [Emphasis supplied]

The absence of any limiting language therein is significant in light of the express limitations included in *N.J.S.A.* 40A:14–152. Also to be noted is the lack of limitation in *N.J.S.A.* 39:5–25 as to the place of detention. We are satisfied that there is manifested clear indicia of legislative intent to permit municipal police to have authority to arrest for state motor vehicle violations committed in their presence outside of the territorial limits of the municipality which employs them. It is seen that the Fresh Pursuit Act (*N.J.S.A.* 2A:156–1) does not make reference to motor vehicle offenses. We perceive that the legislature acted upon its understanding that the power to execute warrantless arrests in such circumstances had already been conferred upon municipal police by *N.J.S.A.* 39:5–25. *See State v. McCarthy, supra* at 522.

The interpretation we place upon *N.J.S.A.* 39:5–25 is consistent with the recognition required that many motor vehicle violations, while not graded crimes, nevertheless pose an extremely grave menace to the public safety and welfare. *State v. Macuk,* 57 *N.J.* 1, 8 (1970); *State v. Gillespie,* 100 *N.J.Super.* 71, 85 (App.Div.1968), certif. den. 51 *N.J.* 274 (1968).

The denial of the motion to suppress is affirmed.