**STATE of Iowa, Appellee,**

v.

**Scott Thomas SNIDER, Appellant.**

**No. 93-1129.**

Supreme Court of Iowa.

Oct. 19, 1994.

Rehearing Denied Nov. 21, 1994.

**816**

David Scieszinski, Wilton, for appellant.

Bonnie J. Campbell, Atty. Gen., Thomas G. Fisher, Jr., Asst. Atty. Gen., Richard R. Phillips, County Atty., and Christine A. Dalton, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and LAVORATO, NEUMAN, ANDREASEN, and TERNUS, JJ.

LAVORATO, Justice.

The issue here is whether a municipal police officer has the authority to arrest a person for state traffic violations occurring outside of the territorial limits of the municipality that employs the officer. Based on several statutes, the district court ruled the officer does—in certain instances—have such jurisdiction. We agree and affirm the district court's ruling that denied the defendant's motion to suppress evidence gathered by the arresting officer who was outside his territorial jurisdiction at the time of the arrest.

Officer Mark S. Kopf is a police officer for the city of Atalissa. He is a graduate of the Iowa law enforcement academy. On February 5, 1993, Kopf was monitoring traffic on Highway 6. The center line of Highway 6 is the southern corporate line for Atalissa. Traffic heading west on Highway 6 is within Atalissa's city limits. Traffic heading east is not.

About 9:30 p.m., Kopf saw a car traveling east on Highway 6 that appeared to be speeding. Kopf's radar unit showed the vehicle to be traveling at fifty-eight miles per hour in a forty-five mile per hour zone. Because the car was traveling east, it was outside Atalissa's city limits. The defendant, Scott Thomas Snider, was driving. Kopf followed Snider and pulled him over.

Kopf smelled alcohol on Snider's breath. After Snider failed field sobriety tests, Kopf issued him a speeding citation and arrested him for operating while intoxicated (OWI). Kopf then invoked the implied consent proce-

dures. A preliminary breath test yielded a blood alcohol content of 0.14.

Before trial, Snider moved to suppress all evidence gathered pursuant to the implied consent procedures. Snider based his motion on the ground that Kopf had no authority to arrest him outside Atalissa or to invoke the implied consent procedures.

Based on several statutes, the district court overruled the motion. The case went to trial. Snider was convicted of OWI and after that he appealed.

On appeal, Snider urges the same grounds as he did in his motion to suppress. Our review is for correction of errors at law. Iowa R.App.P. 4.

■ Generally, a governing body like a municipality can directly exercise its police powers only within its jurisdictional boundaries unless a statute broadens those powers. So municipal police officers can normally exercise the powers inhering in their office only within the confines of the jurisdiction that employs them. *State v. O'Donnell,* 192 N.J.Super. 128, 129, 469 A.2d 38, 39 (1983) (per curiam) (citation omitted).

■ Like the district court, we think several statutory provisions broaden municipal police officers' authority to arrest—in certain instances—outside the territorial limits of the municipality that employs them. (No issue is raised as to such officers' authority to arrest under our rules pertaining to fresh pursuit or citizen's arrest. *See State v. Lloyd,* 513 N.W.2d 742 (Iowa 1994)).

We begin our analysis with Iowa Code section 801.4(7)(b) (1991), which defines "'peace officers,' sometimes designated 'law enforcement officers',," to include "marshals and police officers of cities." Iowa Code section 321.485 allows a peace officer to arrest a person or issue a written citation or memorandum if the peace officer has reasonable cause to believe that the person has violated any provision of Chapter 321 punishable as a simple, serious or aggravated misdemeanor. A written citation in lieu of arrest is simply a procedure police may use to avoid taking a suspect of a minor violation into custody. *Lloyd,* 513 N.W.2d at 743; *see also* Iowa Code § 805.1(1).

So clearly with state traffic offenses, a municipal police officer has authority to arrest anywhere in the state. This authority, however, arises only if the officer has reasonable cause to believe that the person has committed such a traffic offense. *Cf. O'Donnell,* 192 N.J.Super. at 129, 469 A.2d at 39 (interpreting statute to allow municipal police officers to arrest for state motor vehicle violations committed in their presence outside of the territorial limits of the municipality that employs them).

For OWI purposes, a peace officer includes

[a]ny other law enforcement officer who has satisfactorily completed an approved course relating to motor vehicle operators under the influence of alcoholic beverages at the Iowa law enforcement academy or a law enforcement training program approved by the department of public safety.

Iowa Code § 321J.1(7)(e). This definition is broad enough to include municipal police officers who have the training specified in this Code section. Such a peace officer may therefore arrest and invoke the implied consent procedures in OWI cases. *See* Iowa Code § 321J.6. *See also* Iowa Code § 801.4(7)(b) (peace officer, sometimes designated law enforcement officer, includes police officers of cities).

■ Here Kopf had reasonable cause to believe that Snider was violating a state speed law, more specifically Iowa Code section 321.285 (speed restrictions). So he had statutory authority to arrest Snider for such violation.

■ Because Kopf is a graduate of the Iowa law enforcement academy, he met the requirements under section 321J.1(7)(e) that would allow him to arrest and apply the implied consent procedures in OWI cases. He therefore also had the authority to arrest Snider for OWI and invoke the implied consent procedures.

Of course, the implied consent procedures could only be invoked if Kopf (1) had reasonable cause to believe that Snider was operating while intoxicated and (2) placed Snider under arrest for OWI. Iowa Code

§ 321J.6(1). The facts clearly show both conditions were met.

In summary, we hold that a municipal police officer has authority to arrest for state traffic violations anywhere in the state. Such an officer also has authority to arrest and invoke implied consent procedures anywhere in the state provided the officer has the necessary training under Iowa Code section 321J.1(7)(e).

Finding no error, we affirm.

**AFFIRMED.**